IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CR3008 |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| SALVADOR GALAVIZ-LUNA, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Salvador Galaviz-Luna, has filed a pro se "Motion for an Application of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255." Filing 147. Liberally construing the allegations of his motion, (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), the defendant claims he is entitled to relief because his counsel provided ineffective assistance prior to, during, and after trial, and errors occurred during the trial and sentencing. Specifically, the defendant claims:

(1) His counsel was ineffective because he:
   1. Failed to seek out Hispanic or Spanish-speaking jurors;
   2. Failed to impeach the government's witnesses at trial;
   3. Failed to assure the trial was conducted with an interpreter; and
   4. Failed to call witnesses for the defense.

(2) His conviction and sentence were erroneous because:
   1. He was not found guilty by a jury of his peers;
   2. The evidence was insufficient to support his conviction;
   3. He was actually innocent; and
   4. The sentencing judge relied on untruthful testimony when determining the quantity of drugs attributable to the defendant.

Filing 147, p. 4, 8, 10, 16.

Upon review of the defendant's motion and the court's record, I conclude that the defendant's § 2255 motion must be denied.

## I.   BACKGROUND

On January 24, 2002, a criminal complaint was filed against Salvador Galaviz-Luna alleging that between April 1998 and January 2002, he willfully, knowingly, and unlawfully combined, conspired, confederated, and agreed to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and § 841(b)(1). Filing 1.

The defendant's five-day jury trial began on September 22, 2003. See docket entries 84, 87-90; filings 119-123 (trial transcript). At the outset of the trial, defense counsel advised the court that the defendant was fluent in English and did not need the assistance of an interpreter at trial. Filing 119, p. 5. Immediately before the defendant testified, the defendant advised the court through his counsel that he would be more comfortable testifying with the assistance of a Spanish interpreter. During the defendant's testimony, a certified court interpreter translated the proceedings, counsel's questioning, and the defendant's answers. The defendant was the last defense witness to testify, and when his testimony was over, defense counsel advised the court that the interpreter was no longer needed, including during the reading of jury instructions, final arguments, or announcement of the verdict. Filing 123, p. 612. The defendant was present throughout the trial and never advised the court, either directly or through his counsel, that interpreter assistance was needed except when he personally testified.

Counsel for both the government and the defendant participated in the jury selection process. During the process, three potentials jurors were struck for cause based on their responses to voir dire questioning. Filing 119, p. 30, 33, 42-43. At the conclusion of voir dire, both parties passed the panel for cause. Filing 119, p. 50.

The government and defendant exercised their peremptory challenges; six for the government and ten for the defendant. Filing 85.

Both the government and the defendant called witnesses to testify. Eight of the government's witnesses had entered into plea agreements, and each testified on direct examination that they were hoping to reduce their sentence by cooperating with the government in testifying at the defendant's trial. The plea agreements were received as exhibits. Filing 119, pp. 69-71, 123-26; filing 120, 178-80; 204-07, 256-60, 284-88, 336-39; filing 121, pp. 395-97, 488-91, and exs. 1, 3-10. Each of these witnesses was thoroughly cross-examined by defense counsel, (filing 119, pp. 89-111, 148-61; filing 120, 190-98, 229-43, 260-74, 312-24, 360-79; filing 121, pp. 420-27, 508-12), specifically to include exploring any inconsistencies between their proffer statements and trial testimony, as well as the potential bias and credibility issues raised by their plea agreements. Filing 119, pp. 89-91, 160-61; filing 120, pp. 192-94, 234-38, 272-74, 322-24, 378-79; filing 121, pp. 420, 427, 511-12.

Defense counsel called Juan Luis Galaviz, Virgilio Rodriguez, Erika Galaviz and Rosa Mendosa to provide witness testimony. The defendant also testified. The court did not place any time limits on the defendant's ability to call witnesses or present testimony or evidence at trial. Filing 123, p. 644-45, 654.

On September 30, 2003, the jury found the defendant guilty, and further found that as it pertained to the defendant, the conspiracy involved 500 grams or more of methamphetamine. Filing 96.

The defendant was sentenced on January 13, 2004. Filing 124. At the sentencing hearing, arguments were offered concerning the quantity of drugs distributed by the defendant. I found that the defendant was responsible for distributing eight kilograms or more of methamphetamine, (filing 124, p. 725), and therefore the base offense level was 36. Fling 124, p. 729. The government also

requested an obstruction of justice enhancement, claiming the defendant committed perjury when testifying at trial. Based on the trial evidence, I concluded the defendant had committed perjury which warranted a two-level enhancement for obstruction of justice. The defendant's total offense level was therefore 38, which corresponded with a guideline sentencing range of 235 to 293 months. I sentenced the defendant to 235 months of incarceration, followed by five years of supervised release, and a criminal monetary penalty of $100.00. Filing 112; filing 124, pp. 726-732.

The defendant timely appealed his sentence. On appeal, he argued the evidence was insufficient to support his conviction, his sentence should not have been enhanced for obstruction of justice, and his sentence should be vacated pursuant to United States v. Booker, 543 U.S. 220 (2005). His conviction and sentence were affirmed on August 3, 2005. U.S. v. Galaviz-Luna, 416 F.3d 796, 798 (8th Cir. 2005).

The defendant filed a petition for writ of certiorari on October 31, 2005. Filing 141. The petition was denied on December 5, 2005. Galaviz-Luna v. U.S., 126 S.Ct. 814 (2005); filing 142. The denial of the defendant's petition for certiorari was docketed in this court on December 19, 2005.

The defendant's motion to vacate under 28 U.S.C. 2255 was docketed in this court on December 22, 2006. See filing 147. The § 2255 motion was signed by the defendant on December 18, 2006, and the certificate of service states it was mailed to the court and counsel for the government on December 18, 2006. Though the scanned postmark electronically filed of record is illegible, a very close examination of the original envelope reveals the motion was post-marked on December 19, 2006.

## II. STANDARD OF REVIEW

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Kingsberry v. United States, 202 F.3d 1030, 1033 (8th Cir. 2001)(affirming denial of § 2255 motion without an evidentiary hearing where defendant claimed his counsel provided erroneous plea advice).

## III. ANALYSIS

28 U.S.C. § 2255 includes a one-year statute of limitations provision which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

5

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255. There is no allegation that governmental action prevented or impeded the defendant from filing his § 2255 motion. The claims raised by defendant's motion relate to conduct that occurred in the defendant's presence during the trial and sentencing proceedings. His motion is not based on newly discovered information. The defendant's motion raises no claim based on any newly recognized right that is retroactively applicable on collateral review. Defendant's § 2255 motion is therefore barred if it was filed more than a year after his judgment of conviction became final.

The defendant's petition for writ of certiorari was denied on December 5, 2005. Galaviz-Luna v. U.S., 126 S.Ct. 814 (2005). Though the Supreme Court's denial of certiorari was not docketed in this court until December 19, 2005, (filing 142), for the purposes of determining if the defendant's § 2255 motion is time-barred, defendant's judgment of conviction was final on December 5, 2005. U.S. v. McIntosh, 332 F.3d 550 (8th Cir. 2003)(holding defendant's § 2255 motion was time-barred because it was filed more than a year after the Supreme Court denied the petition for certiorari, though within a year of the denial being docketed in the district court).

Under the prison mailbox rule, a § 2255 motion is deemed timely filed when an inmate deposits the notice in the prison mail system within one year after the

conviction became final. U.S. v. Harrison, 469 F.3d 1216, 1217 (8th Cir. 2006); Moore v. U.S., 173 F.3d 1131, 1135 (8th Cir. 1999). The defendant's motion for relief under 28 U.S.C. § 2255, and the accompanying certificate of service stating that he mailed the motion to the court and counsel for the government, were both signed by the defendant on December 18, 2006. Since the defendant did not mail his § 2255 motion to the court within one year after the Supreme Court denied his petition for writ of certiorari, the defendant's § 2255 motion is time-barred. Campa-Fabela v. U.S., 339 F.3d 993 (8th Cir. 2003); U.S. v. McIntosh, 332 F.3d 550, 551 (8th Cir. 2003).

The defendant's motion and the files and records of the case conclusively show that Galaviz-Luna is not entitled to relief under 28 U.S.C. § 2255. An evidentiary hearing is not necessary. Defendant's § 2255 motion must be denied.

IT IS THEREFORE ORDERED that Defendant's "Motion for an Application of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255," filing 147, is denied. Judgment dismissing this matter with prejudice will be entered by separate document.

March 14, 2007                              BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge